IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY RYAN POWELL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4239 |
| | : | |
| DR. LAURA HARRY, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                             **OCTOBER 10, 2024**

*Pro se* Plaintiff Andy Ryan Powell, an incarcerated individual currently confined at SCI Phoenix, brings this civil rights action pursuant to 42 U.S.C. § 1983. Powell asserts claims against SCI Phoenix prison officials after he was sexually assaulted by another inmate. Powell seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Powell leave to proceed *in forma pauperis* and dismiss his Complaint upon statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Powell will be permitted an opportunity to file an amended complaint.

I.     **FACTUAL ALLEGATIONS**

Powell names the following Defendants associated with SCI Phoenix: (1) Dr. Laura Harry, Secretary of Corrections[1]; (2) Tammy Ferguson, Deputy Secretary of Corrections; (3) Joseph Terra, Superintendent of SCI Phoenix; and (4) Britany Huner, SCAC – SCI Phoenix Medical Department. (Compl. at 1-3.)[2] Powell alleges that on March 5, 2024, in Cell TB-1014

---

[1] The Court understands Powell to be referring to the Pennsylvania Department of Corrections Secretary Dr. Laurel R. Harry.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system. Powell attaches as exhibits to his Complaint various grievances and responses.

on the T-Block, his cellmate "forced [Powell] to lay down against [his] will." (*Id*. at 4-5.) Powell felt that if he did not comply, "it would have led to a physical altercation." (*Id*. at 4.) There was no one else present when this incident, which he describes as a rape, occurred. (*Id*. at 5.) The next day, Powell went to an outside hospital where he underwent a rape kit and reported the assault to police. (*Id*. at 5, 18.)

Powell alleges that SCI Phoenix "made [him] feel like they did not care," simply wanted to "sweep it under the rug," and "act like it never happened." (*Id*. at 18.) He further alleges that he notified his unit manager, Mr. Nunez, that "something going on in the cell" and that he wanted to be moved." (*Id*.) However, Mr. Nunez denied his request to move cells and allegedly "did not care about [Powell's] safety." (*Id*. at 5, 8, 18.) Powell vaguely states that the "administration was made aware of the situation before the rape occurred by failed to do anything about it." (*Id*. at 4.) Powell suffered undisclosed physical damages in addition to mental anguish. (*Id*. at 5.) Based on these allegations, Powell asserts Eighth Amendment claims against Defendants. (*Id*. at 4.) For relief, he requests money damages and that the Court order a "Z-Code," which permits him to have a single cell. (*Id*. at 5.)

## II. STANDARD OF REVIEW

The Court grants Powell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[3] Because Powell is granted *in forma pauperis* status, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Powell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Powell asserts Eighth Amendment claims against the Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

#### A.    Official Capacity Claims

Powell checked the boxes on his form Complaint indicating an intent to sue all

3

Defendants in their official capacities only and not in their individual capacities. "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (cleaned up). Thus, official capacity claims against the individual defendants here—all of whom are employed by the Department of Corrections ("DOC")—are really claims against the DOC itself. However, the Eleventh Amendment bars suits against a state and its agencies, such as the DOC, in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Since the DOC is an agency of the Commonwealth of Pennsylvania, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."); *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020). Accordingly, any claims Powell asserts against the Defendants in their official capacities will be dismissed with prejudice.

Since Powell appears to not have understood the implication of naming Defendants in their official capacities only, the Court will liberally construe the Complaint to assert claims against Defendants in their individual capacities and will address those claims below. *See Downey*, 968 F.3d at 310 ("To determine whether a plaintiff sued state officials in their official

4

capacity, we first look to the complaints and the course of proceedings." (quotations omitted));
*Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

## B. Eighth Amendment Claims

Powell alleges that he was sexually assaulted by his cellmate and that prison officials did not respond appropriately. Because Powell names prison official Defendants and alleges an assault by an inmate, the most liberal construction of the Complaint suggests an intent to assert a claim that SCI Phoenix officials failed to protect him from the assault.[4] Under the Eighth Amendment, prison officials have a duty to take reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation and citation omitted). In that regard, prison officials have a duty "'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833). "Still, not 'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety.'" *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 834).

---

[4] To the extent that Powell asserts a claim based on the denial of his request for "Z-code" status, the claim is dismissed. Incarcerated persons do not have an inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Thomaston v. Meyer*, 519 F. App'x 118, 119 (3d Cir. 2013) (*per curiam*) (holding that denial of inmate's request for Z code status is not a deprivation of a protected liberty interest); *Mattis v. Dep't of Corr.*, No. 16-306, 2017 WL 6406884, at *12 (W.D. Pa. Dec. 15, 2017) ("[T]he denial of Z-code status, by itself, is not cruel and unusual punishment and does not rise to the level of an Eighth Amendment violation.").

To state a plausible failure-to-protect claim under the Eighth Amendment, Powell must allege plausibly that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See Farmer*, 511 U.S. at 834; *Hamilton*, 117 F.3d at 746; *see also Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (*per curiam*). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Powell must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id*. at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id*. at 125.

Powell fails to plausibly allege that any of the named Defendants were deliberately indifferent to his safety. As noted above, an individual must be personally involved in violating a plaintiff's rights to be liable under § 1983. *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Powell states generally that the "[a]dministration was made aware of the situation before [the] rape occurred but failed to do anything about it" (Compl. at 4); however, he does not describe how each of the specifically named Defendants was involved in this alleged violation of his rights.[5] Powell does not allege facts showing how each Defendant knew of or was made aware of "the situation" or threat to

---

[5] Although Powell does allege that he "went to [his] unit manager Mr. Nunez and told him that there was something going on in the cell," Powell does not state whether the conversation occurred before or after the assault took place, nor does he describe the specific content of the conversation. Moreover, Mr. Nunez is not named as a Defendant, and there are no allegations from which the Court could plausibly infer that any of the named Defendants were aware of this conversation or of any risk to Powell's safety.

Powell's safety and what actions they took to disregard that risk to his safety. *See Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (*per curiam*) (finding that plaintiff failed to allege deliberate indifference by prison official where the complaint "sets forth no facts to suggest that [the prison official] knew that [the inmate] would attack the plaintiff"); *cf. Bistrian*, 696 F.3d at 369 (finding deliberate indifference plausibly stated where the plaintiff alleged that he "repeatedly advised [both orally and in writing]" specifically-named prison officials about the threat of violence by another inmate). Instead, Powell appears to refer to Defendants collectively (the "administration") as violating his Eighth Amendment rights, without clarifying the specific involvement by each Defendant. This is insufficient to state a plausible constitutional claim under §1983. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff).

Additionally, to the extent that Harry, Ferguson, and Terra are named as Defendants simply due to their high-ranking positions in the DOC or SCI Phoenix, this is also not sufficient to state a plausible claim. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *see also Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) (noting that generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or agency are insufficient to allege personal involvement in an underlying constitutional violation). Moreover, to the extent that Powell brings claims against Defendants based solely on their involvement in denying his grievance, such claims are not viable. This is because participation in the grievance process does not, without more, establish involvement in the underlying constitutional violation. *See*

*Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants . . . who participated only in the denial of [the plaintiff]'s grievances – lacked the requisite personal involvement [in the conduct at issue]."); *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of [the plaintiff]'s prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."). Accordingly, Powell fails to state a plausible Eighth Amendment claim against any Defendant.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Powell's Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The official capacity claims will be dismissed with prejudice. The remainder of the Complaint will be dismissed without prejudice. Powell will be given the opportunity to file an amended complaint in the event he can cure the defects the Court has noted as to his claims dismissed without prejudice.

An appropriate Order follows.

**BY THE COURT:**

**s/ Michael M. Baylson**
**MICHAEL M. BAYLSON, J.**