## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDY RYAN POWELL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-4239** |
| | : | |
| **DR. LAURA HARRY,** *et al.*, | : | |
| **Defendants.** | : | |

### <u>MEMORANDUM</u>

**BAYLSON, J.**                                                        **JANUARY 16, 2025**

       *Pro se* Plaintiff Andy Ryan Powell, an incarcerated individual currently confined at SCI Phoenix, brings this civil rights action pursuant to 42 U.S.C. § 1983. Powell asserts claims against SCI Phoenix prison officials and another inmate after he was sexually assaulted by that inmate. Powell's initial Complaint was dismissed upon screening for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Powell v. Harry*, No. 24-4239, 2024 WL 4466729, at *4 (E.D. Pa. Oct. 10, 2024). Powell has returned with an Amended Complaint. For the following reasons, the Court will dismiss his Amended Complaint.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

      In his initial Complaint, Powell named four Defendants associated with SCI Phoenix: (1) Pennsylvania Department of Corrections Secretary Dr. Laurel R. Harry; (2) Tammy Ferguson, Deputy Secretary of Corrections; (3) Joseph Terra, Superintendent of SCI Phoenix; and (4) Britany Huner, SCAC – SCI Phoenix Medical Department. (Compl. at 1-3, ECF No. 2.)

---

[1] The facts are taken from Powell's Amended Complaint, which consists of the Court's standard form complaint. Powell attaches various grievances and responses as exhibits to his Amended Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system. Where the Court quotes from the Amended Complaint, punctuation, spelling, and capitalization errors will be cleaned up.

Powell alleged that on March 5, 2024, he was sexually assaulted by his cellmate. (*Id*. at 4-5.) He further alleged that he notified his unit manager, Mr. Nunez that he wanted to move cells, but Mr. Nunez denied the request. (*Id*. at 5, 8.) He also stated vaguely that the "administration was made aware of the situation before the rape occurred but failed to do anything about it." (*Id*. at 4.) Based on these allegations, Powell asserted Eighth Amendment failure to protect claims. (*Id*. at 5.)

In its October 10 Memorandum, the Court dismissed Powell's failure to protect claims against all Defendants, noting that he failed to plausibly allege how any of them were personally involved in the alleged wrongs or were deliberately indifferent to his safety. *Powell*, 2024 WL 4466729, at *3. In particular, the Court concluded that Powell failed to describe how any defendant knew or was made aware of the threat to Powell's safety and what actions, if any, they took to disregard that risk.[2] *Id*. The Court permitted Powell to amend his claims. *Id*. at *4. Powell returned with this Amended Complaint, in which he names three Defendants: Omar Nunez, his unit manager; Miguel Ruiz, Inmate # 6101; and Joseph Terra, the Superintendent of SCI Phoenix. (Am. Compl. at 2-3.)[3]

In his Amended Complaint, Powell alleges that on March 5, 2024, he was sexually assaulted by Ruiz, his cellmate. (*Id*. at 4-5.) Powell felt that if he did not comply with Ruiz's advances, it would have led to a physical altercation. (*Id*. at 4.) After the assault, Powell underwent a "rape kit" at an outside hospital. (*Id*.) Powell alleges that he "notified [his] unit

---

[2] The Court also dismissed the official capacity claims with prejudice as barred by the Eleventh Amendment, and dismissed Powell's request for a single cell, noting that incarcerated persons do not have constitutional rights to a particular housing assignment. *Powell*, 2024 WL 4466729, at *2 & n.4.

[3] Powell does not reallege claims against Huner, Ferguson, or Harry and thus appears to have abandoned his claims against these Defendants.

manager (Omar Nunez) that there was something wrong or bad going on in the cell without saying the word rape" and that Nunez "did not do anything about it." (*Id*. at 4-5.) He also alleges that he asked Nunez if he could be moved to a different cell. (*Id*. at 8.) Based on these allegations, Powell reasserts Eighth Amendment claims and requests 200 billion dollars in damages. (*Id*. at 5.)

## II.    STANDARD OF REVIEW

As Powell is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the pro se complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Powell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

Powell asserts Eighth Amendment claims against the Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim

under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the

personal involvement of each defendant in the alleged constitutional violation is a required

element, and, therefore, a plaintiff must allege how each defendant was involved in the events

and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d

Cir. 1998).

      **A.**     **Claim against Nunez**

      The Court understands Powell to assert an Eighth Amendment failure to protect claim

against Nunez, his unit manager. Under the Eighth Amendment, prison officials have a duty to

take reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511

U.S. 825, 832-33 (1994) (internal quotation and citation omitted). In that regard, prison officials

have a duty "'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v.

Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833). "Still, not 'every

injury suffered by one prisoner at the hands of another . . . translates into constitutional liability

for prison officials responsible for the victim's safety.'" *Bistrian v. Levi*, 696 F.3d 352, 367 (3d

Cir. 2012) (quoting *Farmer*, 511 U.S. at 834), *abrogated on other grounds by Mack v. Yost*, 968

F.3d 311 (3d Cir. 2020). To state a plausible failure to protect claim under the Eighth

Amendment, Powell must allege that: (1) the conditions in which he was incarcerated posed a

substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that

substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See

Farmer*, 511 U.S. at 834; *Hamilton*, 117 F.3d at 746; *see also Travillion v. Wetzel*, 765 F. App'x

785, 790 (3d Cir. 2019) (*per curiam*). Deliberate indifference is a subjective standard. *Beers-*

*Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).  Powell must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety."  *Id*. at 135. "[I]t is not sufficient that the official should have been aware" of the excessive risk.  *Id*. at 125.

Powell fails to plausibly allege that Nunez was deliberately indifferent to his safety.  He states in his Amended Complaint that he told Nunez "that there was something wrong or bad going on in the cell without saying the word rape" and that Nunez "did not do anything about it." (Am. Compl. at 4-5.)  Powell fails to allege whether this conversation and his request to move to a different cell occurred before or after the assault, which is critical in determining whether Nunez knew or was aware of an excessive risk to Powell's safety.[4]  *See Powell*, 2024 WL 4466729, at *3 n.5.  Moreover, even if the conversation took place prior to the assault, Powell's assertion to Nunez that "something wrong or bad" was going on is too vague to put Nunez on notice that there was an *excessive* risk to Powell's safety.  Thus, Powell fails to allege facts to raise a plausible inference that Nunez disregarded an excessive risk to his safety.  *See Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (*per curiam*) (finding that plaintiff failed to allege deliberate indifference by prison official where the complaint "sets forth no facts to suggest that [the prison official] knew that [the inmate] would attack the plaintiff"); *cf. Bistrian*, 696 F.3d at 369 (finding deliberate indifference plausibly stated where the plaintiff alleged that he "repeatedly advised [both orally and in writing]" specifically-named prison officials about the threat of violence by another inmate).  Accordingly, Powell's Eighth Amendment failure to protect claim against Nunez will be dismissed.

---

[4] The grievances that Powell attached to the Amended Complaint all post-date the sexual assault.

### B.    Claim against Ruiz

Powell also asserts constitutional claims against Ruiz, his cellmate, presumably in connection with the sexual assault.  Any constitutional claim against Ruiz is not plausible and will be dismissed with prejudice because fellow inmates are not "state actors" under § 1983.  *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (*per curiam*) ("Simonton cannot recover against Inmate Seaman under § 1983." (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action.")))).  Powell's claims against Ruiz are perhaps better construed as state law tort claims based on the sexual assault, however, there is no independent basis for the court to exercise jurisdiction over such claims.  *See* 28 U.S.C. § 1332(a).[5]

### C.    Claim against Terra

Aside from naming him as a Defendant, Powell does not allege any specific facts about Terra in his Amended Complaint.  As the Court explained in its October 10 Memorandum, to the extent that Terra is named as a Defendant simply due to his high-ranking position at SCI Phoenix, this is also not sufficient to state a plausible claim.  *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *see also Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) (noting that generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an

---

[5] The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over such claims, having dismissed all federal claims.

office or agency are insufficient to allege personal involvement in an underlying constitutional violation).

Some of the grievance documents that Powell attaches as exhibits to the Amended Complaint are directed to, or from, Terra.  (*See* Am. Compl. at 19, 21.)  To the extent that Powell brings claims against Terra based solely on his involvement in denying his grievance about the sexual assault, such claims are not viable.  This is because participation in the grievance process does not, without more, establish involvement in the underlying constitutional violation.  *See Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants . . . who participated only in the denial of [the plaintiff]'s grievances – lacked the requisite personal involvement [in the conduct at issue]."); *Folk v. Prime Care Med*., 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of [the plaintiff]'s prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews.").  Accordingly, Powell also fails to state a plausible Eighth Amendment claim against Terra.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Powell's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  As Powell has already been given an opportunity to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").  Accordingly, Powell's Amended Complaint will be dismissed with prejudice with the exception of his state law claim against Ruiz, which

will be dismissed for lack of subject matter jurisdiction without prejudice to Powell's ability to bring this claim in state court. An appropriate Order follows.

**BY THE COURT:**

**/s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, J.**